Sylvia WIMES, Plaintiff–Appellant,

v.

Kaleida HEALTH and Ronald Jozwiak,
individually, Defendants–Appellees.

Docket No. 04–6666–CV.

United States Court of Appeals,
Second Circuit.

Aug. 31, 2005.

Christina A. Agola, Rochester, NY, for
Appellant.

Robert C. Weissflach, Harter, Secrest &
Emery LLP, Buffalo, NY, for Appellees.

Present: WALKER, Chief Judge,
JACOBS, and HALL, Circuit Judges.

**SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS
HEREBY ORDERED, ADJUDGED
AND DECREED** that the judgment of the
district court be and it hereby is **AF-
FIRMED.**

Plaintiff-appellant Sylvia Wimes appeals
from a November 29, 2004, judgment of
the United States District Court for the
Western District of New York (John T.
Elfvin, *Judge*) granting summary judg-
ment for defendants-appellees Kaleida
Health and Ronald Jozwiak. Familiarity
with the facts and procedural history is
assumed.

On appeal, Wimes argues (1) that the
district court erred in granting summary
judgment for defendants on Wimes's retal-
iation claim under Title VII and the New
York Human Rights Law; and (2) that
Jozwiak can be held individually liable for
his actions. Reviewing the grant of sum-
mary judgment *de novo,* we affirm.

Claims of retaliation are analyzed ac-
cording to the burden-shifting framework
set forth in *McDonnell Douglas Corp. v.
Green,* 411 U.S. 792, 93 S.Ct. 1817, 36
L.Ed.2d 668 (1973). A plaintiff claiming
retaliation under Title VII must first es-
tablish a prima facie case of retaliation by
showing: " '[1] participation in a protected
activity known to the defendant; [2] an
employment action disadvantaging the
plaintiff; and [3] a causal connection be-

tween the protected activity and the adverse employment action.'" *Quinn v. Green Tree Credit Corp.,* 159 F.3d 759, 769 (2d Cir.1998) (quoting *Tomka v. Seiler Corp.,* 66 F.3d 1295, 1308 (2d Cir.1995) (alteration in original)). A "'protected activity' refers to action taken to protest or oppose statutorily prohibited discrimination." *Cruz v. Coach Stores, Inc.,* 202 F.3d 560, 566 (2d Cir.2000). While a "plaintiff need not establish that the conduct she opposed was actually a violation of Title VII," she must have "possessed a good faith, reasonable belief that the underlying employment practice was unlawful under the statute." *Galdieri–Ambrosini v. Nat'l Realty & Dev. Corp.,* 136 F.3d 276, 292 (2d Cir.1998) (internal quotation marks omitted). Further, "implicit in the requirement that the employer have been aware of the protected activity is the requirement that it understood, or could reasonably have understood, that the plaintiff's opposition was directed at conduct prohibited by Title VII." *Id.*

The district court correctly found that plaintiff had failed to set forth a prima facie case of retaliation. Assuming plaintiff had a good faith, reasonable belief that she was the victim of discrimination on the basis of race, she has failed to establish that there is a genuine issue of material fact with respect to whether defendants understood, or reasonably could have understood, that her complaints (both informal and formal) were about race discrimination.

We have carefully considered Wimes's other arguments and find them to be without merit.

Accordingly, and for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**